JUDGMENT
================================================================================

**COSTS TAXED**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

Priority ✓
Send ✓
Enter ✓
Closed
JS-5/JS-6 ———
JS-2/JS-3 ———
Scan Only ———

- - - - - - - - - - - - - -

NO. 99-56215
CT/AG#: CV-91-06847-ER-3

COLUMBIA PICTURES INDUSTRIES, INC.

       Plaintiff - Appellee

  v.

KRYPTON BROADCASTING OF BIRMINGHAM, INC.

       Defendant
     and

C. ELVIN FELTNER, JR.

       Defendant - Appellant





NO. 99-56331
CT/AG#: CV-91-06847-ER

COLUMBIA PICTURES TELEVISION, INC.

       Plaintiff - Appellant

  v.

C. ELVIN FELTNER, JR.

       Defendant - Appellee



    and

KRYPTON BROADCASTING, INC.

       Defendant

Docketed
Copies / NTC Sent
___ JS - 5 / JS - 6
___ JS - 2 / JS - 3
___ CLSD

NO. 99-56733
CT/AG#: CV-91-06847-ER

563

COLUMBIA PICTURES TELEVISION

        Plaintiff - Appellee

  v.

KRYPTON BROADCASTING OF BIRMINGHAM, INC.; WABM BIRMINGHAM;
KRYPTON BROADCASTING, INC.; KRYPTON INTERNATIONAL
CORPORATION; WTWV, INC.; WTVX; DANIEL S. DAYTON; ALFRED F.
DECUIR

        Defendants

   and

C. ELVIN FELTNER, JR.

        Defendant - Appellant

----------------------

     APPEAL FROM the United States District Court for the
Central District of California, Los Angeles .

     THIS CAUSE came on to be heard on the Transcript of the
Record from the United States District Court for the
Central District of California, Los Angeles
and was duly submitted.

     ON CONSIDERATION WHEREOF, It is now here ordered and
adjudged by this Court, that the judgment of the said
District Court in this cause be, and hereby is  AFFIRMED, with
costs and attorneys' fees assigned to Columbia in case no 99-56215,
but not in connection with case no. 99-56331.

Filed and entered        July 9, 2001



A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 3 1 2001

by:
Deputy Clerk



# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## BILL OF COSTS

NOTE: If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. 1920, and Circuit Rule 39-1 when preparing your bill of costs.

Columbia Pictures
Television, Inc.
v. Krypton Broadcasting of Birmingham,Inc. CA No. 99-56215
C. Elvin Feltner, Appellant    Opinion filed 7/9/01

The Clerk is requested to tax the following costs against: ___C. Elvin Feltner. Appellant___

| COST TAXABLE UNDER FRAP 39, 28 U.S.C. 1920, Circuit Rule 39-1 | REQUESTED Each column must be completed | | | | ALLOWED To be completed by the clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. Of Documents* | Pages per Document | Cost per Page** | Total Cost | No. Of Documents | Pages for Document | Cost for Page | Total Cost |
| Except of Record | 7 | 286 | $0.15 | 300.30 | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | 20 | 58 | $0.15 | 174.00 | | | | |
| Appellant's Reply Brief | | | | | | | | |
| Other | | | | | | | | |
| | | | TOTAL: $ 474.30 | | | | TOTAL: $ | |

Other: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

* If more than 7 excerpts or 20 briefs are requested, a statement explaining the excess number must be submitted.
** Costs per page may not exceed 20¢ or actual cost, whichever is less. Circuit Rule 39-1.

Attorneys Fees cannot be requested on this form

I, __Eric M. Stahl__, swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed. The printer's itemized statement showing actual costs per page is attached.

Signature: _Eric M. Stahl_

Name of Counsel (printed or typed): __Eric M. Stahl__

Date: _8/3/01_

Attorney for Appellee Columbia Pictures
Television, Inc.

Date: _7/20/01_

Costs are taxed in the amount of $ __474.30__

Clerk of Court

By: _____ , Deputy Clerk

wpdocs/forms/boll   REV. 11/95
*See attached Statement of Eric M. Stahl.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST:

AUG 31 2001

by: _____ Deputy Clerk

For Official Use Only

**FILED**

JUL 23 2001

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

Corrected Reprint

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SCANNED

---

COLUMBIA PICTURES TELEVSION,
INC.,

     *Plaintiff-Appellee,*

v.

KRYPTON BROADCASTING OF
BIRMINGHAM, INC.,

     *Defendant,*

and

C. ELVIN FELTNER, JR.,
     *Defendant-Appellant.*

No. 99-56215
D.C. No.
CV 91-06847-ER

---

COLUMBIA PICTURES TELEVSION,
INC.,

     *Plaintiff-Appellant,*

v.

C. ELVIN FELTNER, JR.,
     *Defendant-Appellee,*

and

KRYPTON BROADCASTING, INC.,
     *Defendant.*

No. 99-56331
D.C. No.
CV 91-06847-ER

---

8713

SCANNED

COLUMBIA PICTURES TELEVSION,
                    *Plaintiff-Appellee,*

v.

KRYPTON BROADCASTING OF
BIRMINGHAM, INC.; WABM
BIRMINGHAM; KRYPTON
BROADCASTING, INC.; KRYPTON
INTERNATIONAL CORPORATION;
WTWV, INC.; DANIEL S. DAYTON;
ALFRED F. DECUIR,
                    *Defendants,*

and

C. ELVIN FELTNER, JR.,
                    *Defendant-Appellant.*

No. 99-56733

D.C. No.
CV 91-06847-ER

OPINION

Appeal from the United States District Court
for the Central District of California
Edward Rafeedie, District Judge, Presiding

Argued and Submitted
November 14, 2000—Pasadena, California

Filed July 9, 2001

Before: Harry Pregerson, Barry G. Silverman, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Pregerson

---

## SUMMARY

### Intellectual Property/Copyrights

The court of appeals affirmed a judgment of the district court. The court held that a Supreme Court ruling that the stat-

utory damages provision of the Copyright Act (Act) violates the Seventh Amendment to the extent that it fails to provide a jury trial right, did not render the entire statutory damages provision constitutionally unenforceable.

Appellant Elvin Feltner owned three television stations which licensed television programs from Columbia Pictures Industries, Inc. (Columbia). When the stations failed to make timely licensing payments, Columbia terminated the agreements. The stations nonetheless continued to air the television series. Columbia filed an action in federal court alleging copyright infringement. The district court found Feltner liable, and Columbia elected to recover statutory damages under the Act. The district court denied Feltner's request for a jury trial on the issue of statutory damages.

Feltner appealed to the court of appeals, which generally affirmed the district court's rulings. The Supreme Court reversed, holding that the Seventh Amendment guaranteed Feltner the right to a jury trial on the issue of statutory damages. The matter was remanded for a jury trial, at which time Feltner moved to preclude a jury trial on the basis that the Supreme Court had effectively held that the statutory damages provision was unconstitutional in its entirety as a result of the Seventh Amendment violation. The district court denied the motion, and a jury awarded Columbia statutory damages. The district court granted Columbia's motion to certify the judgment for registration in other districts.

Feltner appealed, arguing that the district court erred in denying his motion to preclude a jury trial and in certifying the judgment for registration in other districts.

[1] In its decision, the Supreme Court held that the statutory damages provision of the Act violated the Seventh Amendment to the extent that it failed to provide a jury trial right. The holding did not imply that copyright plaintiffs were no longer able to seek statutory damages under the Act. Felt-

ner's contention was contrary to the express language of the decision, which stated that a jury must determine statutory damages where a party so demands. The Supreme Court intended to preserve a plaintiff's ability to seek statutory damages.

[2] Under the federal rules of civil procedure, a plaintiff is entitled to execute upon a district court judgment when the judgment becomes final and enforceable. Pending appeal, a judgment is only enforceable in the district in which it was rendered, unless the judgment is registered in another district by court order. A district court may certify a judgment for registration during the pendency of an appeal upon a finding of good cause. [3] The absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum, can form the basis of good cause. Because Feltner lacked assets in California, but owned substantial property in Florida, there was sufficient evidence to support the district court's finding.

---

## COUNSEL

Richard L. Chaifetz, Columbia, Maryland (argued & brief) and William H. Shibley Long Beach, California (brief), attorneys for defendant-appellant/appellee.

Henry J. Tashman, Eric M. Stahl, Davis Wright Tremaine LLP, Los Angeles, California, attorneys for plaintiff-appellee/appellant.

---

## OPINION

PREGERSON, Circuit Judge:

This matter comes before the court on three related appeals. Defendant C. Elvin Feltner, Jr. ("Feltner") appeals from a jury

verdict awarding the plaintiff, Columbia Pictures Television Inc. ("Columbia"), $31.68 million in statutory damages for violations of the Copyright Act of 1976 ("Copyright Act"), 17 U.S.C. § 101, *et seq.* In a separate appeal, Columbia asserts that the district court erred in denying its motion for attorneys' fees pursuant to the Copyright Act. Finally, in a third appeal, Feltner asserts that the district court erred in facilitating Columbia's efforts to enforce its judgment against him pending appeal by certifying the judgment for registration in other districts pursuant to Federal Rule of Civil Procedure 62(a) and 28 U.S.C. § 1963. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.

## FACTS & PROCEDURAL HISTORY

Feltner is the sole shareholder of Krypton International Corporation, a holding company that owns all of the stock in defendant Krypton Broadcasting Corporation ("KBC"). KBC, in turn, owns three television stations in the Southeast, which were also named as defendants in this action.[1] In 1990, each of the three stations licensed television programs from Columbia, either directly, or by assuming the rights and obligations under contracts with former station owners. The licensed programs include the four series at issue in this litigation: (1) "Who's the Boss?"; (2) "Silver Spoons"; (3) "Hart to Hart"; and (4) "T.J. Hooker."

In 1991, the stations failed to make timely licensing payments and Columbia terminated the licensing agreements. When the stations nonetheless continued to air the series, Columbia filed the present action in federal district court alleging various claims against the defendants, including

---

[1] The three subsidiary television stations are Krypton Broadcasting of Jacksonville, Inc. ("KBJ"), Krypton Broadcasting of Ft. Pierce, Inc. ("KBFP"), and Krypton Broadcasting of Birmingham ("KBB").

copyright infringement. During the course of the litigation, Columbia dismissed all claims against all defendants with the exception of the copyright claims against Feltner. On September 28, 1993, the district court granted partial summary judgment in favor of Columbia, finding Feltner vicariously and contributorily liable for the copyright infringement committed by the defendant stations.

On January 14, 1994, Feltner sought leave to file a motion to vacate the order granting partial summary judgment in favor of Columbia. In the motion to vacate, Feltner asserted that Columbia was not the exclusive licensee of the series in question at the time Columbia filed the lawsuit, and that therefore, Columbia lacked standing under the Copyright Act. The district court denied Feltner's request for leave to file the motion to vacate and did not address the merits of Feltner's standing argument.

Columbia elected to recover statutory damages in lieu of actual damages pursuant to § 504(c) of the Copyright Act, which permits an award of statutory damages "for all infringements involved in the action, with respect to any one *work*." 17 U.S.C. § 504(a)(1) (emphasis added). Although Feltner requested a jury trial on the issue of statutory damages, the district court denied the request. Proceeding with a bench trial, the district court found as a matter of law that each episode of each series was a separate "work" for purposes of computing statutory damages.[2] The district court also

---

[2] It is not clear from the record whether the district court reached this decision just prior to trial, or whether the district court reached this decision following the conclusion of a bench trial. The district court's order regarding the motions in limine states that "[b]efore the first trial on statutory damages, and before any evidence had been heard, the Court determined that the Defendant was liable for 440 separate acts of infringement." However, the Supreme Court opinion in this case states: "After two days of trial, the trial judge held that each episode of each series constituted a separate work . . . ." *Feltner v. Columbia Pictures Television*, 523 U.S. 340, 344 (1998). Regardless, it is clear that the district court treated the question of what constitutes a "work" under the statutory damages provision of the Copyright Act as a question of law.

found that each airing of the same episode by a different station constituted a separate act of infringement. Finally, the district court found that Feltner's infringement was willful. Based on these findings, the district court determined that Feltner infringed 440 separate "works," and on April 4, 1994, the district court entered judgment against Feltner in the amount of $8,800,000. The district court also granted a motion by Columbia for attorneys' fees and costs incurred through April 1994.

A prior panel of this court generally affirmed the district court's rulings, *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284 (9th Cir. 1997),[3] but the Supreme Court reversed. The Supreme Court held that the Seventh Amendment guarantees Feltner the right to a jury trial "on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." *Feltner v. Columbia Pictures Television*, 523 U.S. 340, 355 (1998).

---

[3]More specifically, on appeal to this court, Feltner asserted, *inter alia*, that the district court: (1) improperly granted Columbia's motion for partial summary judgment because Columbia lacked standing under the Copyright Act; (2) improperly denied Feltner's request for a jury trial; (3) erred in concluding that each episode is a separate "work" for purposes of computing statutory damages; (4) erred in concluding that each airing of the same episode by a different station controlled by Feltner constituted a separate act of infringement; (5) erred in concluding that Feltner's infringement was willful; and (6) erred in granting Columbia's motion for attorneys' fees. With the exception of the motion for attorneys' fees, we affirmed the district court's rulings. *See generally Columbia Pictures*, 106 F.3d 284.

On the issue of attorneys' fees, we reversed the award and remanded the case to the district court because the district court failed to explain its reasoning regarding the amount of the award. On remand, the district court more fully explained its reasoning and determined that the amount requested by Columbia was reasonable. Columbia was ultimately awarded $722,621 in attorneys' fees, and $30,646.47 in costs.

Following the Supreme Court's ruling, we remanded the case to the district court for a jury trial on the sole question of the amount of money to award Columbia, within the range permitted by the statutory damages provision of the Copyright Act, for each of the 440 "works" that Feltner infringed. *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 152 F.3d 1171 (9th Cir. 1998). The jury ultimately returned a $31.68 million verdict for Columbia. This verdict is equivalent to an award of $72,000 for each of the 440 works infringed, which is within the statutory damages range for willful infringement. The district court entered judgment against Feltner on April 14, 1999.

Shortly after judgment was entered, Columbia filed a motion for attorneys' fees and a motion for an order certifying the judgment against Feltner for registration in another jurisdiction. In addition, Feltner filed a motion for judgment notwithstanding the verdict or for a new trial. The district court granted Columbia's motion to certify the judgment, denied Columbia's motion for attorneys' fees, and denied Feltner's motion for judgment notwithstanding the verdict or for a new trial. This appeal followed.

## II.

## DISCUSSION

### A.  Feltner's Appeal from the Jury Verdict

Feltner first appeals from the jury's $31.68 million verdict in favor of Columbia. Specifically, Feltner asserts that a new trial is warranted because the district court erred in: (1) denying his motion in limine to dismiss the suit because Columbia lacks standing under the Copyright Act; (2) denying his motion in limine to preclude a jury trial on statutory damages; (3) granting Columbia's motion in limine to reaffirm the district court's prior ruling that Feltner infringed 440 separate "works"; (4) ruling as a matter of law that the two stations

that aired "Who's the Boss?" were not joint tortfeasors for purposes of calculating statutory damages; and (5) denying Feltner's new trial motion. We address each of these arguments in turn.

### 1.   *Feltner's Motion to Dismiss for Lack of Standing*

Feltner asserts that the district court erred in denying his motion in limine to dismiss the suit for lack of standing under the Copyright Act. A prior panel of this court already held that Feltner failed to timely raise this issue in opposition to a motion for summary judgment, and that Feltner failed to satisfy the requirements for a motion for reconsideration. *Columbia Pictures*, 106 F.3d at 290. In light of this prior ruling, the law of the case doctrine bars reconsideration of the issue whether Columbia's standing as an exclusive licensee is properly before the court. *See Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc); *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990).

### 2.   *Feltner's Motion to Preclude a Jury Trial on Statutory Damages*

Feltner also asserts that the district court erred in denying his motion in limine to preclude a jury trial on the issue of statutory damages. Here, Feltner argues that in holding that the statutory damages provision of the Copyright Act violates the Seventh Amendment, the Supreme Court effectively found that the statutory damages provision of the Copyright Act is unconstitutional in its entirety. Feltner thus urges us to find that the Supreme Court's decision in this case rendered the statutory damages provision of the Copyright Act constitutionally unenforceable.

[1] This argument is not persuasive. What the Supreme Court held is that to the extent § 504(c) fails to provide a jury trial right, it violates the Seventh Amendment and is therefore unconstitutional. However, this holding in no way implies that

copyright plaintiffs are no longer able to seek statutory damages under the Copyright Act. Indeed, the position urged by Feltner is contrary to the express language of the Supreme Court's decision in this case. As the *Feltner* Court stated, "if a party so demands, a jury must determine the actual amount of statutory damages under § 504(c) . . . ." *Feltner*, 523 U.S. at 355. The Court later reaffirmed this point by stating, "the Seventh Amendment provides a right to a jury trial on all issues pertaining to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself." *Id.* This language evinces the Court's intent to preserve a plaintiff's ability to seek statutory damages under § 504(c) of the Copyright Act.

Feltner argues that this interpretation of the Supreme Court's decision amounts to an impermissible rewriting of § 504(c). According to Feltner, if the Court finds that § 504(c) is constitutionally infirm because it fails to provide for a jury trial, then the Court must strike down § 504(c) in its entirety and wait for Congress to re-enact § 504(c) with a jury trial provision included. This argument fails to understand the Supreme Court's holding in this case. In *Feltner*, the Supreme Court held that § 504(c) provides a remedy for copyright infringement, and the Seventh Amendment provides a right to a jury trial when that remedy is at issue. This holding is consistent with the Supreme Court's interpretation of other federal statutes that provide a remedy but similarly fail to provide for a jury trial. *See, e.g., Tull v. United States*, 481 U.S. 412 (1987) (regarding civil penalties under the Clean Water Act); *Curtis v. Loether*, 415 U.S. 189 (1974) (holding that although it is not clear whether Section 812 of the Civil Rights Act of 1968 provides for a jury trial, a jury trial is provided by the Seventh Amendment).

This interpretation is also consistent with Nimmer's reading of the Supreme Court's decision in *Feltner*. According to Nimmer:

Eight justices of the Supreme Court have now determined that Congress did not allow for juries to be appointed under Section 504(a), which is therefore unconstitutional; one might therefore conclude that an award of statutory damages cannot ever be invoked against a defendant who demands her right to a jury trial . . . . *But in the topsy-turvy world of the Seventh Amendment, a finding that a statute is unconstitutional typically does not render it inoperative.* Whenever the Supreme Court has determined that the particular statute under examination does not accord the right to a jury but the Seventh Amendment so requires in that type of case, the same pattern recurs: Notwithstanding that the Court holds the enactment of Congress unconstitutional, the statute itself goes on functioning.

Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 14.04[C][2] (2000) (emphasis added).

Finally, we note that since the Supreme Court's ruling in *Feltner*, various courts have conducted jury trials on the issue of statutory damages. *See, e.g.*, *Yurman Design, Inc. v. PAJ, Inc.*, 93 F. Supp. 2d 449, 462 n.5 (S.D.N.Y. 2000) (stating that "[I]t is worth noting that the question of statutory damages was put to the jury, rather than decided by the Court, given the Supreme Court's decision in *Feltner* . . . ."); *Segrets, Inc. v . Gillman Knitwear, Co.*, 207 F.3d 56, 62-65 (1st Cir. 2000) (remanding for a jury trial following Supreme Court's ruling in *Feltner*).

Therefore, we find that the Supreme Court's decision in Feltner did not eliminate § 504(c) of the Copyright Act, and we affirm the district court's denial of Feltner's motion to preclude a jury trial on statutory damages.

3.   *Columbia's Motion to Reaffirm that Feltner Infringed 440 "Works"*

Feltner next argues that the district court erred in granting Columbia's motion in limine to reaffirm the district court's prior ruling that each episode aired by Feltner is a separate "work" for purposes of computing statutory damages. Copyright Act § 504(c)(1) permits the copyright owner to recover "an award of statutory damages for all infringements involved in the action, with respect to any one *work*, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally." 17 U.S.C. § 504(c)(1) (2001) (emphasis added). In addition, § 504(c)(1) states that "all the parts of a compilation or derivative work constitutes one *work*." *Id.* (emphasis added). Thus, under the Copyright Act, "each *work* infringed may form the basis of one award." *Columbia Pictures*, 106 F.3d at 294 (emphasis added).

Although the Copyright Act does not define the term "work," every circuit to address the issue has held that "separate copyrights are not distinct works unless they can 'live their own copyright life.' " *Walt Disney Co. v. Powell*, 897 F.2d 565, 569 (D.C. Cir. 1990) (quoting *Robert Stigwood Group, Ltd. v. O'Reilly*, 530 F.2d 1096, 1105 (2d Cir. 1976)). As applied to episodes of a television series, this test requires us to determine whether each episode "has an independent economic value and is, in itself, viable." *Gamma Audio & Video, Inc. v. Ean-Chea*, 11 F.3d 1106, 1117 (1st Cir. 1993) (citing *Walt Disney*, 897 F.2d at 596). We adopted this test for what constitutes a "work" in a prior appeal of this case. *Columbia Pictures*, 106 F.3d at 295.

In this appeal, Feltner argues that in light of the Supreme Court's ruling, the issue whether each episode constitutes a separate work is a question of fact for the jury to decide, and that because this issue was not presented to the jury, he is entitled to a new trial. Although there may be a case in which

the issue of what constitutes a "work" is a jury question, we need not address that issue at this time. In the present action, the question whether each episode of a television series is a separate work is a question of law because there are no underlying factual disputes for the jury to resolve. *Cf. Segrets*, 207 F.3d at 65 n.7 (stating that the Supreme Court's decision in Feltner "does not require that issues properly decided on summary judgment be remanded to a jury"). As the district court explained in granting Columbia's motion to reaffirm its prior ruling that Feltner infringed 440 works:

> The facts which underlie the determination of the number of infringements are not disputed . . . . There are no factual disputes on this issue for the jury to decide. The prior ruling was made by the Court as a matter of law, since there were no factual issues . . . . The Ninth Circuit noted that the Court made this finding. The Ninth Circuit went on to affirm this Court's determination that each episode in a television series constitutes a separate work . . . . This holding was not certified by the Supreme Court, and was not affected by the Supreme Court's opinion, and thus remains the law of the case.

Because "[t]here are no factual disputes . . . for the jury to decide," our prior ruling on this issue was not disturbed by the Supreme Court's decision in this case. Accordingly, the law of the case doctrine bars reconsideration of the question whether each episode constitutes a separate work for purposes of computing statutory damages. *See Jeffries*, 114 F.3d at 1489; *Milgard*, 902 F.2d at 715. The district court's ruling on this issue is therefore affirmed.

### 4. *Feltner's Appeal of the District Court's Ruling That the Two Stations That Aired "Who's the Boss?" Were Not Joint Tortfeasors*

Feltner next argues that the district court erred by allowing two awards of statutory damages for one "work" under Copy-

right Act § 504(c)(1). Specifically, Feltner asserts that he is entitled to introduce evidence that the two defendant stations that aired "Who's the Boss?" are joint tortfeasors, and that therefore, each station's airing of the same episode should only count as one "work." This argument is not persuasive for two reasons. First, there is no evidence in the record to suggest that the stations are joint tortfeasors. Second, to the extent that Feltner seeks to introduce evidence to demonstrate *his* connection with each of the stations, that simply makes Feltner a joint tortfeasor with each station — it does not make each station a joint tortfeasor with respect to the other. *Columbia Pictures*, 106 F.3d at 294. This district court's decision on this issue is therefore affirmed.

### 5. *Feltner's New Trial Motion*

Feltner also argues that the district court erred in denying his new trial motion. Specifically, Feltner argues that a new trial is warranted because: (1) the jury's verdict was excessive; and (2) the district court erred in excluding certain evidence. We review a district court's denial of a motion for a new trial for an abuse of discretion. *Scott v. Ross*, 140 F.3d 1275, 1281 (9th Cir. 1998).

#### a. *Excessive Verdict*

Feltner first asserts that the jury's verdict in this case was excessive. As set forth above, the Copyright Act provides a plaintiff the option of electing either statutory damages or actual damages. 17 U.S.C. § 504(a) (2001). In this case, Columbia elected to seek statutory damages. A plaintiff may elect statutory damages "regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits." Nimmer, *supra*, § 14.04[A]. "If statutory damages are elected, '[t]he court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima.' " *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336

(9th Cir. 1990) (quoting *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984)). Subject to certain exceptions, at the time this case was tried to a jury, the statutory minimum was $500 and the maximum was $20,000. 17 U.S.C. § 504(c)(1) (1998). In the case of "willful" infringement, however, the maximum amount per "work" infringed was $100,000.[4] *Id.* at § 504(c)(2). We will uphold a jury's finding of willful infringement if it is supported by "substantial evidence." *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1013-14 (9th Cir. 1985).

Here, the district court initially held a bench trial and found that Feltner was liable for $8.8 million in statutory damages for infringing 440 works. This award amounts to approximately $20,000 per work infringed. That award was vacated, however, after the Supreme Court held that Feltner was entitled to a jury trial on the amount of statutory damages. *Feltner*, 523 U.S. at 355. The case was then remanded and tried to a jury, and the jury awarded Columbia $31.68 million in statutory damages for the same 440 works infringed. This award amounts to approximately $72,000 per work infringed.

Although the jury's $31.68 million verdict is substantial, it is equal to a per work infringed award that is well within the statutory range for willful infringement. 17 U.S.C. § 504(c)(2). In addition, there was substantial evidence to support a finding of willfulness. *Transgo*, 768 F.2d at 1013-14. For example, it is undisputed that 415 of the 440 works infringed were aired after Columbia filed the instant action. The jury also heard testimony that Feltner was an experienced businessman who understood the nature of Columbia's copyright infringement claims, and who nonetheless continued to

---

[4] Since this case was tried to a jury, the statutory damages provision of the Copyright Act was amended to increase the range of statutory damages from $750 to $30,000 in most cases of infringement. 17 U.S.C. § 504(c)(1) (2000). In the case of willful infringement, however, a jury may now award up to $150,000 per work infringed. *Id.* at § 504(c)(2).

air the series in question until well into the course of this litigation. This is sufficient to support a finding of willfulness.

Accordingly, we find that the district court did not abuse its discretion in denying Feltner's motion for a new trial due to the allegedly excessive jury verdict.

### b. *Evidentiary Rulings*

Feltner also asserts that the district court erred in denying his new trial motion because the district court improperly excluded evidence from the jury trial. According to Feltner, the district court erred in excluding: (1) the stipulated testimony of Alanna Anderson,[5] which Feltner asserts is relevant to whether Feltner ever really assumed the licenses for the television series at issue in this litigation; (2) evidence of Feltner's reliance on advice of counsel; and (3) evidence that Columbia recovered some of the licensing fees in bankruptcy. To reverse on the basis of an evidentiary ruling, we must conclude both that the district court abused its discretion and that the error was prejudicial. *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 927-28 (9th Cir. 2000).

Feltner asserts that the district court erred in precluding him from introducing into evidence the stipulated testimony of Alanna Anderson because Anderson's testimony demonstrates that Feltner never assumed the licenses between Columbia and the prior owners of two of Feltner's television stations. As the district court noted, however, Feltner would be liable for copyright infringement regardless of whether the licenses were valid because he broadcast the television series without permission from Columbia. Moreover, Anderson's testimony is generally relevant to the question of liability rather than to the question of damages, and was thus properly excluded from the damages phase of the trial.

---

[5] The record does not state what Anderson's role is in this litigation. For example, it is not clear whether she was employed by one of the parties.

The district court was also within its discretion in excluding evidence of Feltner's reliance on advice of counsel. Feltner sought to rely on advice of counsel to demonstrate that his infringement was not willful. But Feltner refused to answer questions regarding his interactions with counsel at his deposition. Accordingly, prior to the bench trial, the district court precluded Feltner from relying on the defense of advice of counsel at trial.

Following remand from the Supreme Court, Columbia filed a motion in limine to reaffirm the district court's prior ruling prohibiting Feltner from relying on the advice of counsel defense. In opposition to the motion in limine, Feltner offered "to make himself available for deposition on this issue." The district court rejected this offer, stating that "[t]he Defendant cannot now, at the eleventh hour, make himself available for a deposition."

Although courts have recognized that reliance on advice of counsel may be probative of non-willfulness, see *RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co.*, 845 F.2d 773, 779 (8th Cir. 1988), the district court was within its discretion in precluding Feltner from relying on advice of counsel in this case. "The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (citing *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)). Here, Feltner sought to argue that he continued his infringing activities based on the advice of his attorney, while at the same time refusing to answer questions regarding relevant communications with counsel until the "eleventh hour." Under these circumstances, the district court was within its discretion in precluding Feltner from invoking the advice of counsel defense. *Cf.* William A. Schwarzer, et al., *Federal Civil Procedure Before Trial*, ¶ 11:37 at 11-29 (2000) (stating that "the court may fashion remedies

to prevent surprise and unfairness to the party seeking discovery. For example, where the party claiming privilege during discovery wants to testify at the time of trial, the court may ban that party from testifying on the matters claimed to be privileged").

Finally, Feltner asserts that the district court erred in precluding him from introducing evidence that Columbia received money from Feltner's television stations through the stations' bankruptcy proceedings. At the close of the first day of trial, and at the suggestion of the district court, the parties entered into a stipulation regarding the bankruptcy proceeding evidence. The stipulation, which was read to the jury, provided as follows:

> In the summer and fall of 1993 the three television stations at issue went into bankruptcy. Columbia filed claims for unpaid license fees on over 15 television series or groups of motion pictures which it had licensed to the stations, including the four series at issue in this case. The three television stations were sold to new operators. In 1995 and 1996, Columbia received a portion of the proceeds of that sale which substantially reduced the license fees owing on the 15 series and motion picture groups, including the four series at issue in this case.

On appeal, Feltner essentially argues that he was forced to agree to this stipulation in order to introduce *any* evidence regarding the bankruptcy payments at trial. This argument is not sufficient to demonstrate that the district court abused its discretion.

For the reasons set forth above, we affirm the district court's denial of Feltner's new trial motion.

**B. Columbia's Appeal from District Court's Denial of Its Motion for Attorneys' Fees**

In a separate appeal, Columbia argues that the district court erred in denying its motion for attorneys' fees. Section 505 of the Copyright Act provides for an "award [of] reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (2001). In deciding whether to award fees, the district court should consider "the degree of success obtained; frivolousness; motivation; objective unreasonableness (both in the factual and legal arguments in the case); and the need in particular circumstances to advance considerations of compensation and deterrence." *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994). A district court's decision whether to award attorneys' fees under the Copyright Act is reviewed for an abuse of discretion. *Yount v. Acuff Rose-Opryland*, 103 F.3d 830, 836 (9th Cir. 1996).

We find that the district court applied the proper legal test and did not abuse its discretion in denying Columbia's motion. *Jackson*, 25 F.3d at 890. The district court's decision denying Columbia's motion for attorneys' fees is therefore affirmed.

**C. Feltner's Appeal from District Court's Order Certifying the Judgment for Registration**

Finally, in a third appeal, Feltner argues that the district court erred by granting Columbia's motion to certify its judgment against Feltner for registration in other districts. We review the district court's decision to certify the judgment for registration based on a finding of good cause for an abuse of discretion. *See Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 372 (7th Cir. 1991).

[2] Under Federal Rule of Civil Procedure 62(a), a judgment of a United States District Court becomes final and enforceable ten days after judgment is entered. Fed. R. Civ.

P. 62(a). At that time, a prevailing plaintiff is entitled to exe-
cute upon a judgment.[6] Pending appeal, however, the judg-
ment is only enforceable in the district in which it was
rendered, unless the judgment is "registered" in another dis-
trict by court order. 28 U.S.C. § 1963 (2001). The registration
process is set forth in 28 U.S.C. § 1963, which provides in rel-
evant part:

> A judgment in an action for the recovery of money
> or property entered in any [ ] district court . . . may
> be registered by filing a certified copy of the judg-
> ment in any other district [ ], . . . when the judgment
> has become final by appeal or expiration of the time
> for appeal *or when ordered by the court that entered
> the judgment for good cause shown . . . .* A judgment
> so registered shall have the same effect as a judg-
> ment of the district court of the district where regis-
> tered and may be enforced in like manner.

*Id.* (emphasis added). Section 1963 thus permits a district
court to issue an order certifying a judgment for registration
during the pendency of an appeal upon a finding of "good
cause." *Id.*

[3] Although there is no Ninth Circuit law defining "good
cause," "the courts that have found good cause have generally
based their decisions on an absence of assets in the judgment
forum, coupled with the presence of substantial assets in the
registration forum." *Dyll v. Adams,* 1998 WL 60541 at *1
(N.D. Tex. 1998); *Johns v. Rozet,* 143 F.R.D. 11, (D.D.C.
1992); *Chicago Downs,* 944 F.2d at 372; *Graco Children's
Prods., Inc. v. Century Prods. Co.,* 1996 WL 421966, at *36
(E.D. Pa. 1996); *Bingham v. Zolt,* 823 F. Supp. 1126, 1136
(S.D.N.Y. 1993), aff'd, 66 F.3d 553 (2d Cir. 1995). Here, the

---

[6]An appellant may obtain a formal stay of the judgment pending appeal
by posting a supersedeas bond. Fed. R. Civ. P. 62(d). Feltner did not post
such a bond following entry of judgment on the jury's verdict in this case.

district court's order granting Columbia's motion simply
states that good cause has been shown. Although a more
detailed explanation of the district court's reasoning is gener-
ally desirable, in the instant action, there is ample evidence to
support the district court's finding. Feltner does not dispute
that he lacks assets in California. He also does not dispute that
he owns substantial property in Florida. This evidence is suf-
ficient to support a finding of good cause. *Johns*, 143 F.R.D.
at 12-13; *Associated Business Tel. Sys. Corp. v. Greater Capi-
tal Corp.*, 128 F.R.D. 63, 68 (D.N.J. 1989). We therefore find
that the district court did not abuse its discretion in granting
Columbia's motion to certify the judgment for registration.

## III.

## CONCLUSION

The judgment of the district court is AFFIRMED. As a part
of this holding we affirm the district court's denial of Colum-
bia's request for attorneys' fees in connection with the district
court proceedings. We note, however, that Columbia also
seeks costs and attorneys' fees on appeal pursuant to 17
U.S.C. § 505. With respect to Columbia's request on appeal,
we find that Columbia is entitled to costs and attorneys' fees
in connection with its appeal of Case Number 99-56215, but
not in connection with its appeal of Case Number 99-56331.
The determination of an appropriate amount of fees on appeal
is referred to the Appellate Commissioner Peter L. Shaw, who
shall conduct whatever proceedings he deems appropriate,
and who shall have authority to enter an order awarding fees.
*See* 9th Cir. R. 39-1.9.

CONFAT INVATT
CLOSED

i

INTERNAL USE ONLY: Proceedings include all events.
99-56215 Columbia Pictures v. Feltner, et al

COLUMBIA PICTURES TELEVISION,          Henry J. Tashman, Esq.
INC.                                   FAX 213/633-6899
     Plaintiff - Appellee            213/633-6800
                                       Suite 2400
                                       [COR LD NTC ret]
                                       DAVIS WRIGHT TREMAINE LLP
                                       865 South Figueroa Street
                                       Los Angeles, CA 90017-2566


    v.

KRYPTON BROADCASTING OF
BIRMINGHAM, INC.
    Defendant

C. ELVIN FELTNER, JR.                  Richard Chaifetz, Esq.
    Defendant - Appellant           410-964-5573
                                       Suite I
                                       [COR LD NTC ret]
                                       9650 Santiago Road
                                       Columbia, MD 21045

                                       William H. Shibley, Esq.
                                       FAX 562/424-4450
                                       562/424-4366
                                       [COR LD NTC ret]
                                       2601 E. Willow Street
                                       P.O. Box 1731
                                       Long Beach, CA 90801-1731

INTERNAL USE ONLY: Proceedings include all events.
99-56331 Columbia Pictures v. Feltner, et al

COLUMBIA PICTURES TELEVISION,          Henry J. Tashman, Esq.
INC.                                   FAX 213/633-6899
        Plaintiff - Appellant         213/633-6800
                                       Suite 2400
                                       [COR LD NTC ret]
                                       DAVIS WRIGHT TREMAINE LLP
                                       865 South Figueroa Street
                                       Los Angeles, CA 90017-2566


     v.

C. ELVIN FELTNER, JR.                  Richard Chaifetz, Esq.
        Defendant - Appellee           410-964-5573
                                       Suite I
                                       [COR LD NTC ret]
                                       9650 Santiago Road
                                       Columbia, MD 21045

                                       William H. Shibley, Esq.
                                       FAX 562/424-4450
                                       562/424-4366
                                       [COR LD NTC ret]
                                       2601 E. Willow Street
                                       P.O. Box 1731
                                       Long Beach, CA 90801-1731


KRYPTON BROADCASTING, INC.
        Defendant

CONFAT INVATT
CLOSED

i

INTERNAL USE ONLY: Proceedings include all events.
99-56733 Columbia Pictures TV v. Feltner, et al

COLUMBIA PICTURES TELEVISION          Henry J. Tashman, Esq.
      Plaintiff - Appellee            FAX 213/633-6899
                                      213/633-6800
                                      Suite 2400
                                      [COR LD NTC ret]
                                      DAVIS WRIGHT TREMAINE LLP
                                      865 South Figueroa Street
                                      Los Angeles, CA 90017-2566

SCANNED

    v.

KRYPTON BROADCASTING OF
BIRMINGHAM, INC.
      Defendant

WABM BIRMINGHAM
      Defendant

KRYPTON BROADCASTING, INC.
      Defendant

KRYPTON INTERNATIONAL
CORPORATION
      Defendant

WTWV, INC.
      Defendant

WTVX
      Defendant

C. ELVIN FELTNER, JR.                 Richard Chaifetz, Esq.
      Defendant - Appellant           410-964-5573
                                      Suite I
                                      [COR LD NTC ret]
                                      9650 Santiago Road
                                      Columbia, MD 21045

                                      William H. Shibley, Esq.
                                      FAX 562/424-4450
                                      562/424-4366
                                      [COR LD NTC ret]
                                      2601 E. Willow Street
                                      P.O. Box 1731
                                      Long Beach, CA 90801-1731

DANIEL S. DAYTON
      Defendant

ALFRED F. DECUIR
      Defendant


Docket as of August 13, 2001 11:00 pm          Page 2    NON-PUBLIC